649 So.2d 597 (1994)
Donald A. CROOKS, Plaintiff-Appellee,
v.
TOWN OF BALL, et al., Defendants-Appellants.
No. 94-466.
Court of Appeal of Louisiana, Third Circuit.
November 2, 1994.
*598 Howard N. Nugent Jr., Alexandria, for Donald A. Crooks.
Peggy Dean St. John, Alexandria, for Town of Ball, et al.
Before LABORDE, YELVERTON and DECUIR, JJ.
YELVERTON, Judge.
This workers' compensation appeal raises the issue of whether the State supplemental pay a city police officer receives during a period of disability pursuant to La.R.S. 33:2218.2(C)(10) should be included in the calculation for determining workers' compensation benefits. Other issues raised by this appeal include penalties and attorney's fees and the amendment of a judgment to include judicial interest.
Donald Crooks was injured April 25, 1992 while employed as a police officer for the Town of Ball Police Department. While working for the Town of Ball (the Town), Crooks received a salary of $1,374 a month. Of this amount $174 was supplemental pay he received from the State as extra compensation as a full-time municipal police officer pursuant to La.R.S. 33:2218.2.
After his injury Crooks was initially paid workers' compensation in the amount of $229.01 a week based on this salary. However, on April 27, 1993, his compensation was reduced to $200.01 a week by Risk Management, Inc., the adjusting firm for the Town. Risk Management modified Crooks' compensation by basing it on a salary that did not include the State supplemental pay since he was still receiving $174 from the State after his accident.
Crooks filed a claim against the Town and Risk Management with the Office of Workers' Compensation with regard to the reduction of his benefits. Both parties filed motions for summary judgment with respect to the calculation of benefits. The hearing officer found that La.R.S. 33:2218.4(D) required the inclusion of the State supplemental pay in the calculation of workers' compensation benefits. A judgment to that effect was signed on January 7, 1994. It also included penalties and attorney's fees. Later, the judgment was amended to add judicial interest on all past due compensation benefits and all assessed penalties and attorney's fees from the date of demand. The Town appealed both the original and the amended judgments. Generally, we affirm. We will amend the judgment only to change the time from which judicial interest began.

STATE SUPPLEMENTAL PAY
The Town claims that the Administrative Hearing Officer erred in including the State supplemental pay received by Crooks in the calculation of his average weekly wage. It claims that La.R.S. 33:2218.4(D) which specifically enumerates the instances in which the supplemental pay is to be used in calculating employee benefits, does not indicate that supplemental pay is to be included in calculating one's average weekly wage for workers' compensation purposes.
La.R.S. 33:2218.4(D) states:
D. The additional compensation paid by the state to municipal police officers as herein provided shall be included in the *599 calculation and computation of the total wages paid to the municipal police officer in the determination of employer contributions to any retirement system or pension fund of which the police officer may be a member as well as in the determination of retirement eligibility and benefits which may accrue to the police officer under any retirement system or pension fund, as well as in the determination of any other employee benefits, sick leave, or disability pay to which the police officer might be entitled.
La.R.S. 33:2218.2(C)(10) enacted in 1992 provides:
(10) Notwithstanding any law to the contrary, any person who receives additional pay out of state funds as provided for in this Subpart shall continue to receive said additional state pay during any period of disability resulting from an injury sustained in the line of duty. The additional pay out of state funds shall continue to be paid to such person until such time that said person is determined to be permanently disabled and no longer able to return and perform the duties of his employment, and is separated from his employment either through normal retirement or is determined to be eligible for disability retirement benefits.
The addition of subsection 2218.2(C)(10) was to provide for extra compensation for police officers injured in the line of duty. Acts 1992, No. 818, Sec. 1, effective July 8, 1992. (This effective date is after his injury, but that is not an issue in this case.)
Reading these two statutes together, it was the legislature's intent to continue to pay supplemental pay to police officers injured in the line of duty as extra compensation for injuries they received while on the job. In the 1992 enactment the legislature did not repeal La.R.S. 33:2218.4(D) which provided that State supplemental pay was to be included in the calculation of total wages in the determination of employee benefits, sick leave or disability pay that a police officer is entitled to. Although this statute does not specifically enumerate workers' compensation as one of those instances in which the supplemental pay is included in the calculation of the wages of an employee, we find that workers' compensation is included under the broader definition of disability pay because under La.R.S. 23:1031 an employer is obligated to pay compensation for an injury an employee receives while in the course and scope of his employment. Also, the benefits one receives under the Workers' Compensation Law are disability benefits. La.R.S. 23:1221. Clearly, workers' compensation benefits are a form of disability pay.
For these reasons the Administrative Hearing Officer was correct in finding that the State supplemental pay of $174 paid to Crooks should be included in the calculation of his wages for the determination of his workers' compensation benefits.

PENALTIES AND ATTORNEY'S FEES
The Town also argues that the Administrative Hearing Officer's award of penalties and attorney's fees to Crooks was error.
On April 27, 1993 Crooks was informed by Risk Management that the workers' compensation benefits he was receiving were being reduced to supplemental earnings benefits because his original compensation rate was miscalculated. It claimed there was a miscalculation because it was including the State supplemental pay in the calculation of his wages and it should not have because he was still receiving this money. Crooks responded on May 12, 1993, and claimed that this reduction was arbitrary and capricious.
As we have pointed out in this opinion, the law declares that the supplemental pay police officer receive from the State is to be included in the calculation of workers' compensation benefit. La.R.S. 33:2218.4(D). Crooks was entitled to have the State supplemental pay he receives included in the calculation of his wages. The Town argues with such terms as "inequitable" and "windfall," but these are unreasonable defenses against the plain legislative will manifest in the Legislature's enactment. The Town was arbitrary and capricious in reducing his benefits and the Administrative Hearing Officer correctly assessed it with penalties and attorney's fees pursuant to La.R.S. 23:1201 and 23:1201.2.

*600 JUDICIAL INTEREST

The Town also claims that the Administrative Hearing Officer erred in amending the judgment to award judicial interest. The Town argues that the amendment was a prohibitive substantive alteration of a final judgment.
We find no error. The Administrative Hearing Officer in this case granted the plaintiff's summary judgment and denied the defendant's. The judgment that was rendered and signed cast the Town for the payment of benefits that had been withheld following the Town's unilateral reduction of benefits. La.R.S. 23:1201.3(A) provides that any compensation awarded and all payments thereof directed to be made by order of the Administrative Hearing Officer shall bear judicial interest from the date ordered paid by the Administrative Hearing Officer until the date of satisfaction. Because the language of this statute is mandatory, we conclude that an award of legal interest in workers' compensation cases is not discretionary with the court, as the interest attaches automatically until the judgment is satisfied, whether prayed for in the petition or mentioned in the judgment. This is the construction given a statute in pari materiae, La.R.S. 13:4203, which provides that legal interest "shall" attach from date of judicial demand on all judgments sounding in tort. Dufrene v. Duncan, 634 So.2d 19 (La.App. 1st Cir. 1994).
However, interest mandated under La.R.S. 13:4203, the tort statute, is from date of judicial demand. We note that interest mandated under the Workers' Compensation Statute runs from date of judgment. The amended judgment by the Administrative Hearing Officer in the present case erroneously ordered interest from judicial demand. We amend the judgment to provide interest from the date of judgment, January 7, 1994.
In all other respects the judgment of the Administrative Hearing Officer is affirmed. Costs of this appeal will be paid by the Town of Ball.
AMENDED, AND AS AMENDED, AFFIRMED.