676 So.2d 1084 (1996)
Austin MILLER, Plaintiff-Appellant-Appellee,
v.
ROGER MILLER SAND, INC., et al., Defendants-Appellees-Appellants,
Steve Gunnell, Intervenor-Appellant-Appellee.
No. 95-1253.
Court of Appeal of Louisiana, Third Circuit.
March 13, 1996.
Amending Decree in Part on Rehearing, July 18, 1996.
*1086 Michael Benny Miller, Crowley, for Austin Miller.
Thomas John Gayle, Lake Charles, for Roger Miller Sand, Inc. et al.
Steve Gunnell, Jennings, for Steve Gunnell (Intervenor, But Computer Won't).
Before KNOLL, THIBODEAUX and WOODARD, JJ.
KNOLL, Judge.
These appeals in this worker's compensation case address the judgment of the Office of Worker's Compensation (OWC) that was entered when the claimant, Austin Miller, filed a motion seeking 24% penalties and attorney's fees from Roger Miller Sand, Inc. (Miller Sand), his employer, and Cigna Property and Casualty Company, Inc. (Cigna), its insurer.
Mr. Miller alleged in his motion that Miller Sand and Cigna failed to pay a judgment that the Louisiana Supreme Court rendered on November 30, 1994 in his favor, reversing the lower courts. The Supreme Court found that: Mr. Miller was entitled to supplemental earnings benefits (SEB); the defendants, Miller Sand and Cigna, were arbitrary and capricious in failing to pay benefits; and, Mr. Miller was entitled to penalties and attorney's fees. It remanded the case to the hearing officer for a determination of SEB and attorney's fees. See Miller v. Roger Miller Sand, Inc., 94-1151 (La. 11/30/94); 646 So.2d 330. Mr. Miller contended that *1087 more than 30 days had elapsed after the judgment became final and Miller Sand and Cigna had not paid the money due him. Accordingly, he requested a 24% penalty on the amount of the unpaid judgment and reasonable attorney's fees for collection of the amount due as provided in La.R.S. 23:1201(F) and 23:1201.2.
Miller Sand and Cigna answered Mr. Miller's motion, denying all of the allegations. In the meantime, Steve Gunnell, an attorney who represented Mr. Miller until he was discharged on March 19, 1992, filed a petition of intervention, seeking compensation for legal services and reimbursement for out-of-pocket expenses he incurred on Mr. Miller's behalf.
A hearing was held in the Office of Worker's Compensation on April 12, 1995. Attorneys for Mr. Miller, Miller Sand, and Cigna were in attendance. Mr. Miller introduced the following evidence: (1) a copy of the Louisiana Supreme Court decision of November 30, 1994; (2) a stipulation from the prior trial of this matter in the OWC where Miller Sand and Cigna stipulated that Mr. Miller's average weekly wage was $222.19 and that his comp rate was $148 per week; (3) a photocopy of a check made payable by Miller Sand and Cigna to Mr. Miller in the amount of $285.73, the total amount of payments made to Mr. Miller since entry of the original OWC judgment; and (4) a statement by Mr. Miller's attorney that he spent 8 hours preparing for the hearing and that his normal non-contingency fee was $125 an hour. Miller Sand and Cigna introduced no evidence, but asked the hearing officer to take judicial notice of La.R.S. 23:1201(F).
After taking the matter under advisement, the hearing officer granted judgment in favor of Mr. Miller and against Miller Sand and Cigna, awarding 12% penalties on the judgment of the Louisiana Supreme Court dated November 30, 1994, and attorney's fees of $800 for the nonpayment of that judgment by Miller Sand and Cigna. The hearing officer further recognized that Mr. Miller was entitled to receive supplemental earnings benefits based upon a stipulated average weekly wage of $222.19, together with penalties of $2,000 or 12%, whichever is greater. Furthermore, the hearing officer awarded attorney's fees of $5,000 for Michael B. Miller, Mr. Miller's current attorney, and $1,500 for Steve Gunnel, Mr. Miller's prior attorney.
Mr. Miller contends on appeal that the hearing officer erred: (1) when she awarded less than the 24% penalty authorized by statute; (2) in awarding an amount of attorney's fees that is less than the hourly fee normally charged by the claimant's attorney; and (3) when she ruled on issues not requested in his motion.
Miller Sand and Cigna contend that the hearing officer erred: (1) in penalizing them for failing to pay the Louisiana Supreme Court judgment before the owed amount was determined in the OWC; and (2) in setting the amount of Mr. Miller's supplemental earnings benefits without considering the effect of the social security benefits Mr. Miller receives.
Gunnell contends that the hearing officer erred in deciding any issues other than those raised in Mr. Miller's motion, namely, the determination of whether Mr. Miller was entitled to 24% penalties and reasonable attorney's fees for the failure of Miller Sand and Cigna to pay the Louisiana Supreme Court judgment. Stated another way, he contends that the hearing officer erred when she determined the amount of attorney's fees due from the original judgment in the OWC without giving him notice of the hearing and without receiving evidence on this issue.

PENALTIES & ATTORNEY'S FEES FOR NONPAYMENT OF JUDGMENT
Miller Sand and Cigna contend that the hearing officer erred in penalizing them for failing to pay the Louisiana Supreme Court judgment before the owed amount was determined in the OWC. In his appeal, Mr. Miller contends that the hearing officer erred in awarding only a 12% penalty.
At the time of Mr. Miller's injury, La.R.S. 23:1201(F) (former) provided:
If any compensation payable under the terms of a final, nonappealable judgment is not paid within thirty days after it becomes due, there shall be added to such *1088 unpaid compensation an amount equal to twenty-four percent thereof, which shall be paid at the same time as, and in addition to, such compensation, unless the order is appealed as provided by law or unless such non-payment results from conditions over which the employer had no control.
In its opinion and decree of November 30, 1994, the Louisiana Supreme Court stated:
In sum, plaintiff is entitled to supplemental earnings benefits together with penalties and attorney's fees. We remand the case to the hearing officer to fix the amount of supplemental earnings benefits and penalties, to determine the amount of attorney's fees, and to enter a proper judgment.
For the reasons assigned, the judgment of the court of appeal is reversed insofar as it terminated disability benefits on July 31, 1991, and denied the award of penalties and attorney's fees. The judgment is amended to award supplemental earnings benefits, together with legal interest on each past due payment until paid, plus penalties and attorney's fees. The case is remanded to the hearing officer to fix the amount of supplemental earnings benefits and penalties, to determine the amount of attorney's fees, and to enter a proper judgment. The judgment of the court of appeal is affirmed insofar as it ordered defendants to continue to pay medical expenses associated with Miller's work-related shoulder injury. Defendants are assessed with all costs of these proceedings.
Miller, 646 So.2d at 338.
La.Code Civ.P. art. 2167 provides:
Within fourteen days of the mailing of the notice of judgment in the supreme court, a party may apply to the court for a rehearing.
A judgment of the supreme court becomes final and definitive when the delay for application for rehearing has expired and no timely application therefor has been made.
When an application for rehearing has been applied for timely, a judgment of the supreme court becomes final and definitive when the application is denied. The supreme court may stay the execution of the judgment pending a timely application for certiorari or an appeal to the United States Supreme Court.
Applying the elements of this article to the case sub judice, it is clear that the Louisiana Supreme Court judgment of November 30, 1994, was final and nonappealable.
Notwithstanding, Miller Sand and Cigna argue that the penalty provisions of La.R.S. 23:1201(F) did not apply because the supplemental earnings benefits and attorney's fees that they owed were not determined in the Louisiana Supreme Court judgment. In our treatment of this issue, we will differentiate between the SEB award and the attorney's fees.
Initially, we find that Miller Sand and Cigna were able to comply with the judgmental requirement to pay Mr. Miller the SEB award and the legal interest due on each past due payment within 30 days after the judgment became final and nonappealable. In the original hearing before the hearing officer in 1992, Miller Sand and Cigna stipulated that Mr. Miller's average weekly wage was $222.19. With this stipulation, Miller Sand and Cigna were able to compute the SEB benefits and the legal interest owed. Accordingly, Miller Sand and Cigna could have satisfied this aspect of the Supreme Court award without further action of the OWC. In making this determination, we note with interest that Miller Sand and Cigna did not object to Mr. Miller's introduction of this stipulation into evidence at the remand hearing and did not offer any evidence to contradict this figure. Therefore, we find that penalty provision of La.R.S. 23:1201(F) applied to the SEB award and the legal interest due on this award.
Having made this determination, we note that it is apparent that although the hearing officer found La.R.S. 23:1201(F) applicable, she erred as a matter of law when she only awarded a 12% penalty. Based upon a clear reading of the statute, we will amend the judgment to award the 24% penalty designated by the legislature. Likewise, we find no error in the failure of the hearing officer to consider the effect of the social security benefits Mr. Miller receives. Our *1089 review of the record fails to show where such an offset was ever pleaded in the OWC. Accordingly, Miller Sand and Cigna cannot now raise this issue.
We will next address the question of whether the penalty was applicable to the attorney's fee award granted by the Louisiana Supreme Court. Unlike the SEB award, at the time that the Supreme Court judgment became final, the amount of attorney's fees remained undetermined and required the action of the OWC. Accordingly, we do not find that the penalty provision of La.R.S. 23:1201(F) was applicable to the attorney's fee portion of the Supreme Court judgment.
We now turn our attention to the question of whether the hearing officer abused her discretion in awarding $800 to Mr. Miller as a reasonable attorney's fee for his efforts against Miller Sand and Cigna for their nonpayment of the Supreme Court judgment.
In Hood v. C.J. Rogers, Inc., 94-1162 (La. App. 3 Cir. 3/8/95); 654 So.2d 371, as amended on rehearing, we stated:
Under LSA-R.S. 23:1201.2, a worker's compensation claimant is entitled to reasonable attorney's fees if the failure to pay benefits is found to be arbitrary, capricious, or without probable cause. The purpose for attorney's fees and penalties is to combat indifference by employers and insurers toward injured employees. Lutz v. Jefferson Parish School Bd., 503 So.2d 106 (La.App. 5th Cir.1987).
Hood, 654 So.2d at 374.
In the case sub judice, we find that Mr. Miller was entitled to an award of reasonable attorney's fees. Despite the ruling of the Louisiana Supreme Court that Mr. Miller was entitled to an SEB award and the stipulation of Miller Sand and Cigna to the monetary base wage on which to calculate the award, they failed to tender that undisputed portion of the award. This omission is further underscored when we consider that since Mr. Miller's injury on February 4, 1991, Miller Sand and Cigna have only paid him weekly compensation benefits totaling $285.73. Accordingly, we find that the hearing officer properly awarded attorney's fees for this aspect of the litigation.
For reasons outlined hereafter, we find that the hearing officer's award was not reasonable and that she abused her discretion in awarding only $800.
The factors used to calculate attorney's fees in worker's compensation cases are the degree of skill and ability exercised, the amount of the claim, the amount recovered, and the amount of time devoted to the case. Naquin v. Uniroyal, Inc., 405 So.2d 525 (La.1981). In the present case, the record shows that counsel for Mr. Miller aggressively advocated and preserved the rights of this injured claimant to secure payment of the Louisiana Supreme Court judgment. He skillfully employed an avenue to obtain payment of the SEB award, utilized the built-in procedural tools to reach that end, and set the appropriate filings into motion in the OWC to finally have Mr. Miller paid the benefits due him. He filed pre-trial and post-trial memoranda to assist the hearing officer. Through his efforts he has obtained a 24% penalty on a corpus of weekly payments and legal interest that commences on April 16, 1991. Counsel for Mr. Miller also wrote an effective appellate brief in this court, outlining the legal and factual issues. Michael Miller, Mr. Miller's attorney in his successful appearance before the Supreme Court, testified that he spent approximately 8 hours securing these penalties in the OWC. As a whole, the legal services by Michael Miller show high quality representation. Considering these circumstances, we find that an award of $2,000 in attorney's fees is reasonable and appropriate for this aspect of the litigation before the OWC. Moreover, we further award an additional $1,000 in attorney's fees for his effort spent on this appeal.

ATTORNEY'S FEES AS ORDERED IN THE SUPREME COURT JUDGMENT
Mr. Miller and Gunnel contend that although the Supreme Court remanded the case to the OWC for determination of the attorney's fee, the hearing officer's award of attorney's fees in the amount of $6,500 (apportioned $1,500 to Gunnel and the remainder *1090 to Mr. Miller) was made without due notice to them. Beyond this, they point out that the hearing officer did not receive evidence on the amount due, nor did she take evidence on how to apportion the attorney's fee between counsel.
From the outset, we point out that the Louisiana Supreme Court decided that Miller Sand and Cigna acted arbitrarily and capriciously when they chose not to pay Mr. Miller supplemental earnings benefits. Accordingly, the hearing officer was not required to take evidence on the question of whether Miller Sand and Cigna acted arbitrarily and capriciously. Instead, the hearing officer was required to determine the amount of attorney's fees owed and to properly allocate them between the two attorneys who represented Mr. Miller before the OWC, the appellate court, and the Louisiana Supreme Court.
The jurisprudence is well settled that there is no necessity for proof to be offered as to the value of the services of an attorney in fixing fees under the arbitrary and capricious penalty provision. Cain v. Employers Casualty Co., 236 La. 1085, 110 So.2d 108 (1959).
In the present case, we are familiar with the high quality appellate work that Michael Miller, the attorney for Mr. Miller, presented in the three-judge and the five-judge arguments before us. Similarly, we note that the legal work that Gunnel performed in the OWC is reflected in the records we have reviewed on the appellate level. Likewise, based upon the Louisiana Supreme Court opinion that reversed our decision, we are able to surmise the high caliber of work that appellate counsel presented on that level. When we review these elements, we find that the OWC hearing officer had like information before her. Mr. Miller was injured on March 1991. Considering the long, arduous path this worker's compensation claim has taken, we find it important that we take this litigation one step closer to a conclusion. Since the record was well developed at the OWC level, we can see no benefit in remanding this case for the taking of further evidence. Accordingly, in the interest of justice and further considering the development of this issue in the record before us, we find that the OWC did not improperly consider these issues.
Notwithstanding, we find that the hearing officer abused her discretion in awarding only $6,500 as attorney's fees under La.R.S. 23:1201.2 to both attorneys. As stated above, the factors used to calculate attorney's fees in worker's compensation cases are the degree of skill and ability exercised, the amount of the claim, the amount recovered, and the amount of time devoted to the case. Naquin, 405 So.2d 525.
It is clear that Gunnel, the original attorney for Mr. Miller, fully developed the evidence, vigorously presented his case to the OWC, and created a complete record for the reviewing courts to examine the issues presented. Likewise, we can say, without repeating ourselves, that the current counsel for Mr. Miller exhibited the same diligence before our court on two occasions and the Louisiana Supreme Court, as he presented to the OWC on his motion to enforce the La. R.S. 23:1201(F) penalty against Miller Sand and Cigna. Considering all of these factors, we find that the least that the hearing officer could have awarded was $6,675 to Steve Gunnel and $12,000 to Michael B. Miller.
For the foregoing reasons, the judgment of the hearing officer is affirmed in part, amended in part, reversed in part and recast as follows:
(1) IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that pursuant to the judgment of the Louisiana Supreme Court, Austin Miller is entitled to Supplemental Earnings Benefits based on a stipulated average weekly wage of Two Hundred Twenty-Two and nineteen cents ($222.19) DOLLARS per week with legal interest on each past due payment beginning April 16, 1991, and every week thereafter, until paid.
(2) IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that pursuant to the judgment of the Louisiana Supreme Court, ROGER MILLER SAND, INC. and CIGNA PROPERTY AND CASUALTY COMPANY pay AUSTIN MILLER penalties in the amount of $2,000 or 12%, whichever is greater, on the past due supplemental *1091 earnings benefits, together with legal interest beginning April 16, 1991, until paid.
(3) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment herein ordering ROGER MILLER SAND, INC. and CIGNA PROPERTY AND CASUALTY COMPANY to pay to AUSTIN MILLER a 24% civil penalty on weekly compensation benefits and the legal interest, beginning April 16, 1991, and every week thereafter until paid.
(4) IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that there be judgment herein ordering ROGER MILLER SAND, INC. and CIGNA PROPERTY AND CASUALTY COMPANY to pay to AUSTIN MILLER an attorney's fee of THREE THOUSAND AND NO/100 DOLLARS ($3,000) for the legal efforts of counsel, Michael B. Miller, in the OWC and this reviewing court to seek penalties for the failure of Roger Miller Sand, Inc. and Cigna Casualty Company to pay supplemental earnings benefits as ordered by the judgment of the Supreme Court dated November 30, 1994, until paid.
(5) IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that ROGER MILLER SAND, INC. and CIGNA PROPERTY AND CASUALTY COMPANY pay legal interest on the awards recognized in paragraphs 3 and 4 hereinabove from January 20, 1995, until paid.
(8) IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that pursuant to the judgment of the Louisiana Supreme Court, ROGER MILLER SAND, INC. and CIGNA PROPERTY AND CASUALTY COMPANY pay AUSTIN MILLER attorney's fees for their arbitrary and capricious failure to pay supplemental earnings benefits and that the amount of attorney's fees be set in the amount of $18,675.00, together with legal interest thereon beginning April 16, 1991, until paid.
(9) IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the attorney's fee of $18,675.00 be allocated in the following manner: $6,675.00 to Steve Gunnel for legal services to Austin Miller and $12,000.00 to Michael Miller for legal services to Austin Miller.
(10) All costs of the OWC and this appeal are assessed to ROGER MILLER SAND, INC. and CIGNA PROPERTY AND CASUALTY COMPANY.
AFFIRMED IN PART, AMENDED IN PART, REVERSED IN PART, AND RENDERED.

ON REHEARING
PER CURIAM.
Roger Miller Sand, Inc. filed a motion for rehearing in which it requests, in part, that we amend our decree to provide legal interest in conformity with La.R.S. 23:1201.3A. It is well settled that appellate courts have the power to correct their judgments without the necessity of granting a rehearing to do so. George v. Marcantel Feed Stores, Inc., 446 So.2d 345 (La.App. 3 Cir.1984).
The statute on legal interest in worker's compensation cases, R.S. 23:1201.3A, was amended in January 1990 to provide that judicial interest shall be awarded from the date ordered paid by the hearing officer. Crooks v. Town of Ball, 94-466 (La. App. 3 Cir. 11/2/94), 649 So.2d 597.[1]
Legal interest on the SEB award (Paragraph 1 of our decree). Notwithstanding the amendment of La.R.S. 23:1201.3A, we find that Roger Miller Sand's request to comply with this statute with regard to the SEB award comes too late. In the Supreme Court decree, the justices stated:
The judgment is amended to award supplemental earnings benefits, together with legal *1092 interest on each past due payment until paid, plus penalties and attorney's fees.
No rehearing was granted in the Supreme Court to amend that award of legal interest from the date of each past due payment. Therefore, we find that the judgment is final and we are powerless to amend it.
Legal interest on the award of penalties (Paragraph 2 of our decree). Based on the amendment of R.S. 23:1201.3A and Crooks, legal interest in our decree on statutory penalties should have been awarded from November 30, 1994, the date that the Louisiana Supreme Court awarded penalties.
Legal interest on the 24% penalty and attorney's fees for the enforcement of the Supreme Court judgment (paragraphs 3 and 4 of our decree). We find that this legal interest award should be changed. In our decree, we recognized in paragraph 5 that legal interest commenced on those awards on January 20, 1995, the date Miller made judicial demand for the 24% penalty and attorney's fees. Based upon the amendment of R.S. 23:1201.3A and Crooks, legal interest should commence on June 2, 1995, the date that the hearing officer awarded these items.
Legal interest on the attorney's fees granted by the Supreme Court (paragraph 8 of our decree). We find that this legal interest award should be changed. In this regard, we change this to the date that the Supreme Court decreed that Miller was entitled to such an award, November 30, 1994.
Accordingly, in light of La.R.S. 23:1201.3A our former decree is amended to state that Austin Miller is entitled to legal interest on: (1) the penalty assessed (paragraph 2 of our decree) and the award of attorney's fees (paragraph 8 of our decree) from November 30, 1994, the date that the Supreme Court made such awards, until paid; and, (2) the 24% penalty and the attorney's fee for the enforcement of the Supreme Court judgment (paragraphs 3 and 4 of our decree) from June 2, 1995, the date that the hearing officer awarded these items, until paid.
In all other respects, our original decree is affirmed.
NOTES
[1] Even though the statute has been amended as recognized in Crooks, appellate cases from the Third Circuit have repeatedly continued to award legal interest from date of judicial demand or from the date of each past due installment. See Hood v. C.J. Rogers, Inc., 94-1162 (La.App. 3 Cir. 3/8/95), 654 So.2d 371; Hickman v. Allstate Timber, 94-1275 (La.App. 3 Cir.), 653 So.2d 154; writ denied, 656 So.2d 1017 (La.1995); Stegall v. J & J Exterminating, 94-1279 (La.App. 3 Cir. 3/1/95), 651 So.2d 400 and Ceasar v. Crispy Cajun Restaurant, 94-30 (La.App. 3 Cir. 10/5/94), 643 So.2d 471; writ denied, 648 So.2d 931 (La. 1995).