# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## WCA 08-1186


**GILBERT MOUTON, JR.**

**VERSUS**

**GULFSTREAM SERVICES**


**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - DISTRICT 4
PARISH OF LAFAYETTE, NO. 05-08351
SAM L. LOWERY, WORKERS' COMPENSATION JUDGE

**********

**BILLY HOWARD EZELL**
**JUDGE**

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Billy Howard Ezell, and James T. Genovese, Judges.

**AFFIRMED.**

**Michael Benny Miller**
**Miller & Miller**
**P. O. Box 1630**
**Crowley, LA 70527-1630**
**(337) 785-9500**
**Counsel for Plaintiff/Appellant:**
**Gilbert Mouton, Jr.**

**Travis Ron LeBleu**
**Egan, Johnson and Stiltner**
**P. O. Box 98001**
**Baton Rouge, LA 70898-8001**
**(225) 231-0539**
**Counsel for Defendant/Appellee:**
**Gulfstream Services**

**EZELL, JUDGE.**

Gilbert Mouton, Jr. appeals a decision of a workers' compensation judge denying him penalties and attorney fees on a disputed workers' compensation claim. For the following reasons, we affirm the decision of the workers' compensation judge.

Mr. Mouton worked for Gulfstream Services, Inc. pressure-testing oilfield valves. On November 7, 2007, Mr. Mouton injured his back while attempting to close a valve in order to test it. He filed a workers' compensation claim on December 13, 2005, seeking medical and indemnity benefits. After a contentious trial, the workers' compensation judge found that Mr. Mouton had sustained a work-related injury and awarded supplemental earnings benefits in the amount of $454.00 per week. Mr. Mouton was also awarded medical benefits but was not given penalties and attorney fees. From that decision, Mr. Mouton appeals. Gulfstream did appeal the judgment, but that appeal was dismissed for failure to timely file a brief in this matter.

On appeal, Mr. Mouton asserts three assignments of error: that the workers' compensation judge erred in failing to award penalties and attorney fees, that the workers' compensation judge improperly allowed surveillance videos into evidence, and that the workers' compensation judge erred in not allowing the cross-examination of Michael Mire on the third day of trial.

Awards of penalties and attorney fees in workers' compensation cases are penal in nature, being imposed to discourage indifference and undesirable conduct by employers and insurers. *Sharbono v. Steve Lang & Son Loggers*, 97-110 (La. 7/1/97), 696 So.2d 1382. "To reasonably controvert a workers' compensation claim so as to avoid imposition of penalties and attorney fees, the employer and its insurer must

1

provide sufficient factual and medical information to reasonably counter the evidence provided by the claimant." *Johnson v. Johnson Controls, Inc.,* 38,495, pp. 16-17 (La.App. 2 Cir. 5/12/04), 873 So.2d 923, 933-34. "Penalties are *stricti juris* and should be imposed only when the facts clearly negate good faith and just cause in connection with the refusal to pay." *Young v. Christus Schumpert Med. Ctr.*, 39,593, p. 10 (La.App. 2 Cir. 5/11/05), 902 So.2d 1180, 1186-87. "In order for the claimant to recover penalties and attorney fees, there must be a showing that the defendant did not raise a seriously disputed issue." *Hickman v. Jim Smith Logging*, 04-157, p. 10 (La.App. 3 Cir. 9/29/04), 883 So.2d 1072, 1078, *writ denied*, 04-2682 (La. 1/14/05) 889 So.2d 269. "[A] workers' compensation judge has great discretion in deciding whether to allow or disallow penalties and attorney fees, and the decision will not be disturbed absent abuse of that discretion." *Frank v. City of Lake Charles*, 04-820, p. 3 (La.App. 3 Cir. 11/10/04), 887 So.2d 679, 681.

The workers' compensation judge noted that Mr. Mouton was less than forthcoming about his medical history, to be generous. He was inaccurate on multiple occasions, hiding a series of automobile and work-related accidents, as well as back injuries that occurred prior to the accident that serves the basis of this claim. He was not forthcoming regarding his medical treatment concerning his back, including pain management for back pain prior to the accident. The workers' compensation judge found that Mr. Mouton's credibility was "legitimately suspect" and that Gulfstream was not unreasonable in taking the matter to court because of this fact. There is nothing in the record which shows this finding to be in error, let alone an abuse of discretion.

His remaining assignments of error asserted by Mr. Mouton are moot in light of our above findings. Moreover, Mr. Mouton does not set forth any way in which

2

they could alter the judgment of the workers' compensation judge below, even if we were to find them to be correct.  Therefore, we need not address them.

For the above reasons, the decision of the workers' compensation judge is hereby affirmed.  Costs of this appeal are assessed against Gilbert Mouton, Jr.

**AFFIRMED.**