# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 03-1706


SHIRLEY CAIN

VERSUS

JCPENNEY COMPANY, INC.


************

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION, DISTRICT 02,
PARISH OF RAPIDES, NO. 01-05510,
HONORABLE JAMES L. BRADDOCK,
WORKERS' COMPENSATION JUDGE

************

## JIMMIE C. PETERS
## JUDGE

************

Court composed of Oswald A. Decuir, Jimmie C. Peters, and Billy H. Ezell, Judges.


**AFFIRMED.**

George Flournoy
Diane M. Sweezer
Flournoy & Doggett
Post Office Box 1270
Alexandria, LA  71309
(318) 487-9858
COUNSEL FOR PLAINTIFF/APPELLANT:
     Shirley Cain

J. Martin Lattier
Lunn, Irion, Salley, Carlisle & Gardner
Post Office Box 1534
Shreveport, LA  71165
(318) 222-0665
COUNSEL FOR DEFENDANT/APPELLEE:
     JCPenney Company, Inc.

# SUMMARY DISPOSITION[1]

PETERS, J.

Shirley Cain appeals a judgment denying her workers' compensation claim against her employer, JCPenney Company, Inc. (JCPenney). Specifically, Ms. Cain claimed that she suffered from plantar fasciitis of both of her feet due to standing for prolonged periods of time on a hard surface in the course of her employment with JCPenney as a beautician. The workers' compensation judge (WCJ) concluded that Ms. Cain failed to prove by a preponderance of the evidence that her plantar fasciitis and any concomitant problems flowing therefrom were caused by her employment with JCPenney. Rather, the WCJ concluded that Ms. Cain proved only that such a causal connection was possible. Ms. Cain has appealed. The WCJ provided lengthy reasons for judgment which adequately explain his decision, and we find no legal or manifest error therein.

Louisiana Revised Statutes 23:1031.1(A) provides in part: "Every employee who is disabled because of the contraction of an occupational disease as herein defined . . . shall be entitled to the compensation provided in this Chapter the same as if said employee received personal injury by accident arising out of and in the course of his employment." Additionally, La.R.S. 23:1031.1(B) provides in part: "An occupational disease means only that disease or illness which is due to causes and conditions characteristic of and peculiar to the particular trade, occupation, process, or employment in which the employee is exposed to such disease."

While Ms. Cain's treating orthopedist and treating podiatrist opined that her plantar fasciitis was work related, a treating physician's testimony is not irrebuttable,

---

[1]Although this opinion does not meet the criteria for publication, we are nevertheless required to publish it pursuant to La.R.S. 23:1310.5(F).

and the inquiry is whether, based on the totality of the record, the fact finder was clearly wrong in accepting the expert testimony presented by defendants over that presented by plaintiff. *Miller v. Clout*, 03-91 (La. 10/21/03), 857 So.2d 458. Further, where there are two permissible views of the evidence, the fact finder's choice between the two views cannot be manifestly erroneous. *Stobart v. State, Through Dep't of Transp. & Dev.*, 617 So.2d 880 (La.1993).

It is undisputed that Ms. Cain has high arches or cavus feet, a congenital defect which can cause plantar fasciitis. Additionally, JCPenney presented the opinion of an examining orthopedic surgeon who stated: "I really would question the etiology of her pain. I see chronic plantar fasciitis in a great number of people. I don't remember anyone specifically with whom I could state that it was work related. Most of us walk on our feet all day long on concrete but I don't see that as a cause specifically of plantar fasciitis." Further, Ms. Cain gave a somewhat inconsistent presentation in her IME evaluation and was noted to have "significant symptom magnification behavior present" from a clinical standpoint when referred for diagnostic studies. She also gave inconsistent histories regarding her symptoms and described activities of daily living not necessarily peculiar to her employment that cause her pain to worsen. Moreover, Ms. Cain's testimony was somewhat inconsistent with her manager's testimony regarding her working conditions that she claimed caused or contributed to her plantar fasciitis. Importantly, Ms. Cain's treating orthopedist explained that his opinion regarding causation was based in part on the history Ms. Cain had given him.

While we probably would have weighed the evidence differently and made different credibility calls, we do not find manifest error in the WCJ's findings of fact. Simply put, we find that there are two permissible views of the evidence, and therefore we cannot reverse the judgment below.

2

## DISPOSITION

For the foregoing reasons, we affirm the judgment below in accordance with Uniform Rules—Courts of Appeal, Rule 2-16.2(A)(5), (6), and (8). We assess costs of this appeal to Shirley Cain.

**AFFIRMED.**

This opinion is released as a Summary Disposition in compliance with Rule 2-16.2(A)(5), (6), and (8), Uniform Rules, Courts of Appeal.