STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

TROY TRAHAN

VERSUS

TURNER INDUSTRIES, INC.

**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - DISTRICT 4
PARISH OF LAFAYETTE, NO. 06-08291
SAM L. LOWERY, WORKERS' COMPENSATION JUDGE

**********

MARC T. AMY
JUDGE

**********

Court composed of Jimmie C. Peters, Marc T. Amy and James T. Genovese, Judges.

AFFIRMED AS AMENDED.

Genovese, J., concurs in the result.

Michael B. Miller
Miller & Miller
Post Office Box 1630
Crowley, LA   70527-1630
(337) 785-9500
COUNSEL FOR PLAINTIFF/APPELLANT:
      Troy Trahan

Charles J. Duhe, Jr.
Taylor, Wellons, Politz & Duhe, APLC
7924 Wrenwood Boulevard, Suite C
Baton Rouge, LA   70809
(225) 387-9888
COUNSEL FOR DEFENDANT/APPELLANT:
      Turner Industries, Inc.

AMY, Judge.

The claimant alleges that he suffered injury to his shoulder as a result of two separate work-related accidents. The employer denied the claimant's request for workers' compensation indemnity and medical benefits, urging that the claimant's allegations were uncorroborated and inconsistent. The claimant brought suit against the employer to recover these benefits. Following a hearing, the workers' compensation judge found in the claimant's favor. The employer appeals, and the claimant answers the appeal. For the following reasons, we affirm as amended.

## Factual and Procedural Background

The claimant, Troy Trahan, brought this action for workers' compensation benefits against the defendant, Turner Industries, Inc. ("Turner"), alleging that he injured his shoulder on two separate occasions while working for Turner. He claims that he initially hurt it on October 12, 2005, but the incident did not cause him to cease working. He contends that he injured it again on September 25, 2006 while unloading scaffolding material at Turner, sending him to the emergency room and rendering him incapable of returning to work. Trahan filed a disputed claim for compensation in which he alleged that no wage benefits had been paid and that no medical treatment had been authorized. He requested penalties, attorney fees, and legal interest.

Shortly after the claimant underwent shoulder surgery, a hearing was held on October 3, 2007, wherein the workers' compensation judge found that Trahan was injured in the course and scope of his employment with Turner as a result of two accidents. Accordingly, Turner was ordered to pay "temporary total disability benefits in the amount of $478.00 per week beginning September 26, 2006, as well as all reasonable and necessary medical treatment, including shoulder surgery." The

workers' compensation judge also ordered the defendant to pay penalties of $4,000.00 and $16,425.00 in attorney fees.

Turner appeals, asserting that the workers' compensation judge erred "in finding that the Claimant met his burden of proof of a work[-]related accident and injury with Turner Industries" and in awarding penalties and attorney fees despite the fact that the workers' compensation claim was reasonably controverted. The claimant, Trahan, answers the appeal, assigning as error the workers' compensation judge's failure "to award a penalty of $2,000.00 or 12% on all amounts due, whichever is greater, for each violation rather than limiting the amount of penalty to $2,000.00 per violation." Further, Trahan claims that legal interest should have been awarded in the judgment. For the following reasons, we affirm as amended and remand.

**Discussion**

*Sufficiency of Proof*

Turner contends that Trahan did not meet his burden of proving that he suffered an injury in the course and scope of employment. Specifically, Turner points to the lack of evidence to corroborate Trahan's testimony regarding the accident on October 12, 2005. On appeal, it focuses on the absence of witnesses to the incident, the failure of Trahan to report the shoulder injury, and the failure to list the October 12th injury as a pre-existing shoulder condition on an injury questionnaire issued in April 2006. Furthermore, Turner contends that the claimant's testimony was inconsistent with that of the safety supervisor in regard to how the injury was sustained.

2

Concerning the alleged accident on September 25, 2006, Turner argues that Trahan, again, was unable to produce the existence and/or identity of witnesses and that he provided testimony which was inconsistent with that of supervisors employed by Turner. It also relies on the claimant's ability to continue working on September 25, 2006, as proof that his pain did not differ from that of October 12, 2005, despite his testimony that the pain was different on the latter occasion, causing him to, ultimately, seek medical attention. Additionally, Turner contends that Trahan's accounts of how the injury occurred differed each time he sought the services of a medical provider; it also asserts that the fact that the medical records do not mention any work-related accident is conclusive evidence that a work-related accident did not occur.

Louisiana Revised Statutes 23:1021(1) defines an accident as "an unexpected or unforeseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive degeneration." This court set forth the standard of review applicable to work-related accidents in *Jack v. Prairie Cajun Seafood Wholesale*, 07-102, pp. 4-5 (La.App. 3 Cir. 10/3/07), 967 So.2d 552, 555-56, *writ denied*, 07-2388 (La. 2/15/08), 976 So.2d 178:

> An employee in a workers' compensation action must prove a work-related accident by a preponderance of the evidence. *Bruno v. Harbert Int'l Inc.*, 593 So.2d 357 (La.1992). The employee's testimony alone may be sufficient to discharge this burden, provided that (1) no other evidence discredits or casts serious doubt upon the employee's version of the incident and (2) the employee's testimony is corroborated by the circumstances following the alleged incident. *Id.* In determining whether the employee has discharged his burden of proof, the workers' compensation judge should accept as true a witness's uncontradicted testimony, even though the witness is a party, absent circumstances that

3

cast suspicion on the reliability of that testimony. *Id.* Further, the workers' compensation judge's determinations on whether the employee's testimony was credible and on whether the employee met his burden of proof are factual findings not to be disturbed on appeal absent manifest error. *Id.* Disability can be proven by both medical and lay testimony, and the workers' compensation judge must weigh all of the evidence in order to determine whether the employee has met his burden of proof of this element. *Bailey v. Smelser Oil & Gas, Inc.*, 620 So.2d 277 (La.1993). This also is a factual determination which is subject to a manifest error analysis. *Id.*

The workers' compensation judge's oral reasons for ruling provide in pertinent part:

> Defendants are correct that [the claimant] was not a model of consistency in his reporting of the incidents; and I'll certainly acknowledge that the defense witnesses were, if nothing, completely consistent in their denial; however, unwavering consistency is not always the benchmark and the best measure of truthfulness. And the evidence here just does not support the position that there may have been an accident or accidents on [sic] its facility hit the employer unexpectedly, totally without any warning, leaving it in a state of total surprise. That just didn't occur.
>
> Additionally, the employer seemed to rely heavily on what the medical reports did not say. There seems to be an assumption, which many reasonable people do not share, that the information which appears on an emergency room report contains absolutely all of the comments and complaints voiced by the patient. Read in context with the other medical evidence, it seems clear that [the claimant,] inarticulate perhaps[,] at least tried to get across the point that his shoulder was injured.

Trahan was clearly injured as it is noted that he underwent shoulder surgery just days before the trial. The inquiry, then, is whether the injury was sustained in an accident while in the course and scope of employment with Turner. First, Trahan testified as to the accident and that he visited the emergency room within days of its occurrence. As observed by the workers' compensation judge, Turner relied on the consistency of its employees' denials and the medical records being devoid of any mention of a work-related accident. However, in the way of corroboration, the

4

claimant introduced the email from Turner's benefits administrator dated September 28, 2006, wherein the administrator reveals that Trahan told her he was hurt at work. Also, Turner's Family and Medical Leave Act (FMLA) request form indicates that he was injured at work. Furthermore, the deposition of the insurance adjuster, Lori Owen, states that she was asked to specifically point out the inconsistent testimony of the claimant that was relied upon as the basis for denying benefits, and she was unable to do so. After reviewing the record, we do not find "evidence [that] discredits or casts serious doubt upon the employee's version of the incident;" rather, we find that Trahan's testimony is "corroborated by the circumstances following the alleged incident." *Jack*, 967 So.2d at 555. Accordingly, this assignment is without merit.

*Penalties and Attorney Fees*

The workers' compensation judge ordered Turner to pay penalties and attorney fees. Turner claims that this award is "clearly wrong." Louisiana Revised Statutes 23:1201(F) provides:

> F. Failure to provide payment in accordance with this Section or failure to consent to the employee's request to select a treating physician or change physicians when such consent is required by R.S. 23:1121 shall result in the assessment of a penalty in an amount up to the greater of twelve percent of any unpaid compensation or medical benefits, or fifty dollars per calendar day for each day in which any and all compensation or medical benefits remain unpaid or such consent is withheld, together with reasonable attorney fees for each disputed claim; however, the fifty dollars per calendar day penalty shall not exceed a maximum of two thousand dollars in the aggregate for any claim. The maximum amount of penalties which may be imposed at a hearing on the merits regardless of the number of penalties which might be imposed under this Section is eight thousand dollars. An award of penalties and attorney fees at any hearing on the merits shall be res judicata as to any and all claims for which penalties may be imposed under this Section which precedes the date of the hearing. Penalties shall be assessed in the following manner:
>
> . . . .

5

(2) This Subsection *shall not apply if the claim is reasonably controverted* or if such nonpayment results from conditions over which the employer or insurer had no control.

(Emphasis added).

In *Ivory v. Southwest Developmental Center*, 07-1201, pp. 11-12 (La. App. 3 Cir. 3/5/08), 980 So.2d 108, 117, this court explained:

> The imposition of penalties and attorney fees may be avoided if the employer can provide factual and medical evidence to reasonably controvert the claim for workers' compensation benefits. *Smith v. Town of Olla*, 07-384 (La.App. 3 Cir. 10/3/07), 966 So.2d 1165. "The employer must have an 'articulable and objective reason to deny benefits at the time that it took the action.'" *Id.* at 1178 (quoting *Landry v. Furniture Center*, 05-634, p. 10 (La.App. 3 Cir. 1/11/06), 920 So.2d 304, 311, *writ denied*, 06-358 (La.4/28/06), 927 So.2d 290.) An award of penalties will not be overturned on appeal absent manifest error. *Id.*

In this case, Turner did not pay any indemnity benefits or medical payments to Trahan. As its grounds for denying the benefits, Turner relies on the previously mentioned alleged inconsistencies and its assertion that no accident occurred. Review of the record reveals no manifest error in the workers' compensation judge's determination that Turner failed to reasonably controvert the claim.

In addition to the reasons for ruling previously set forth, the workers' compensation judge stated:

> The gist of the claimant's argument is that Turner was well aware of the shoulder injury producing events, and did practically nothing to respond to the situation. Turner says it did not even know about the September 2006 accident until April the 3rd of the next year when it learned of the event at [the claimant's] deposition. True, no accident reports were submitted in evidence; however, the evidence that was offered makes it extremely difficult to comprehend just how the company could have been so oblivious to [the claimant's] claims. It appears from the documents that were introduced into evidence that there is little doubt that the employer was aware that at least something happened to [the claimant's] shoulder; although, the details might not have been wholly and fully fleshed out at the time. And it's certainly fair to say that the company did not cover itself with any glory in any attempt to find out exactly what did happen.

6

. . . .

       There's a subtle but major difference in not knowing and not wanting to know. There's a less subtle difference between fully and fairly investigating a claim and the gathering and orchestrating of data merely to support the defense to a claim.

As noted in these reasons, it is clear that Turner knew of an injury on September 25, 2006. Given the evidence, the workers' compensation judge could have determined that Turner did not meet its duty to adequately investigate the claim. Rather, Turner gathered its employees' testimonies that Trahan never specifically reported that the accident was work-related, and it relied heavily on what was not contained in the reports instead of what was contained in them. The workers' compensation judge permissibly declined to view an absence from these reports as an inconsistency in them or as a fact tending to reasonably controvert the claim. Accordingly, we affirm the assessment of penalties and attorney fees.

The claimant, Trahan, questions the amount of the penalties awarded in his answer to the appeal. The workers' compensation judge ordered Turner to pay "$478.00 per week beginning September 26, 2006, as well as all reasonable and necessary medical treatment, including shoulder surgery" and imposed "a penalty of $4,000.00 and attorney fees in the amount of $16,425.00." Trahan asserts that the judge erred in ordering the defendant to pay a $2,000.00 penalty for failing to pay indemnity benefits and a $2,000.00 penalty for failing to pay medical benefits instead of assessing a penalty in the amount of twelve percent of the unpaid benefits pursuant to La.R.S. 23:1201(F). As cited above, La.R.S. 23:1201(F) requires that a penalty should be assessed "in an amount up to the *greater* of twelve percent of any unpaid compensation or medical benefits, or fifty dollars per calendar day for each day in which any and all compensation benefits remain unpaid . . . ." (Emphasis added).

7

Given the figures involved, it appears that the claimant's argument has merit insofar as the penalty for the nonpayment of indemnity benefits exceeds the two thousand dollar figure. We note that La.R.S. 23:1201(F) imposes a penalty of "twelve percent of any unpaid compensation." Therefore, we impose a penalty of twelve percent of the indemnity payments beginning on September 26, 2006, until paid. However, the total amount of penalties imposed, inclusive of the $2,000.00 imposed for failure to provide medical benefits, shall not exceed the statutory cap of $8,000.00.

As for the medical benefits, Trahan contends that the cost "may also exceed the $2,000.00 penalty." However, the claimant provided no evidence concerning the amount of medical benefits owed as the record does not indicate the combined cost of the surgery and medical care. Accordingly, the $2,000.00 penalty is affirmed.

*Legal Interest*

Trahan argues that the workers' compensation judge erred in not awarding legal interest on all amounts due. Louisiana Revised Statutes 23:1201.3(A) provides that "[a]ny compensation awarded . . . shall bear judicial interest from the date compensation was due." Further, La. Code Civ.P. art. 1921 instructs that "[t]he court shall award interest in the judgment as prayed for or as provided by law." Because the law requires the imposition of interest on compensation due and Trahan's pleading contains a request for it, we amend the judgment to include legal interest beginning on the date compensation was due. For penalties and attorney fees, legal interest begins at the time of judgment. *See McLaughlin v. Hill City Oil Co./Jubilee Exxon*, 97-577 (La.App. 3 Cir. 10/08/97), 702 So.2d 786, *writ denied*, 97-2797 (La.2/13/98), 706 So.2d 994.

8

*Attorney Fees on Appeal*

Trahan requests that additional attorney fees be awarded for work performed in defense of this appeal. In *Colonial Nursing Home v. Bradford*, 02-588 (La.App. 3 Cir. 12/30/02), 834 So.2d 1262, *writ denied*, 03-364 (La. 4/21/03), 841 So.2d 802, we held that attorney fees for work performed on appeal are warranted when the appeal necessitates additional work on the part of the attorney. In light of the attorney's efforts in conducting legal research, preparing a written brief, and orally arguing this matter, we find an additional award of attorney fees in the amount of $2,500.00 to be appropriate.

## DECREE

For the foregoing reasons, the judgment awarding indemnity and medical benefits to Troy Trahan is affirmed, as is the imposition of penalties and attorney fees. However, we amend the judgment to reflect the imposition of a penalty of twelve percent of the indemnity payments beginning on September 26, 2006, until paid, not to exceed the statutory cap of $8,000.00 on all penalties awarded. The judgment is further amended to include legal interest on compensation awarded "beginning on the date the compensation was due," pursuant to La.R.S. 23:1201.3(A). The judgment is further amended to reflect the imposition of legal interest on penalties and attorney fees beginning at the time of judgment. Troy Trahan is awarded additional attorney fees in the amount of $2,500.00 for work performed on appeal. All costs of this proceeding are assessed to Turner Industries, Inc.

**AFFIRMED AS AMENDED.**