**STATE OF LOUISIANA**
**COURT OF APPEAL, THIRD CIRCUIT**
**P.O. Box 16577**
**Lake Charles LA 70616**
**(337) 433-9403**

Christopher M. Trahan
Raggio, Cappel, etc.
P. O. Box 820
Lake Charles LA 70602

**REHEARING ACTION: December 28, 2011**

**Docket Number: 11   00469-WCA**

**BARBARA RICHARD**
**VERSUS**
**CALCASIEU PARISH SCHOOL BOARD**

**Appealed from Office of Workers' Compensation - # 3 Case No. 0703060**

**BEFORE JUDGES**:

    **Hon. John D. Saunders**
    **Hon. J. David Painter**
    **Hon. James T. Genovese**

As counsel of record in the captioned case, you are hereby notified that the application

for rehearing filed by **Calcasieu Parish School Board** has this day been

    **GRANTED.**
    See attached majority opinion on rehearing.

cc: Marcus Miller Zimmerman, Counsel for the Appellee

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

11-469

BARBARA RICHARD

VERSUS

CALCASIEU PARISH SCHOOL BOARD

************

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION, DISTICT 3
PARISH OF CALCASIEU, NO. 07-03060
SAM LOWERY, WORKERS' COMPENSATION JUDGE

************

JAMES T. GENOVESE
JUDGE

************

Court composed of John D. Saunders, J. David Painter, and James T. Genovese, Judges.

AFFIRMED AND RENDERED.

Christopher M. Trahan
Raggio, Cappel, Chozen & Berniard
1011 Lakeshore Drive, Suite 500
Lake Charles, Louisiana 70601
(337) 436-9481
COUNSEL FOR DEFEDANT/APPELLANT:
    Calcasieu Parish School Board

**Mark Zimmerman**
**4216 Lake Street**
**Lake Charles, Louisiana 70605**
**(337) 474-1644**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Barbara Richard**

**GENOVESE, Judge.**

In this workers' compensation case, employer, Calcasieu Parish School Board (School Board), appeals the judgment of the Office of Workers' Compensation (OWC) reinstating temporary total disability benefits (TTD) to claimant, Barbara Richard, and awarding her $7,000.00 in attorney fees. Ms. Richard answered the appeal, seeking penalties and additional attorney fees for work necessitated by the employer's appeal. For the following reasons, we affirm and render.

## FACTS AND PROCEDURAL HISTORY

Ms. Richard sustained a work-related injury on January 3, 2003, while employed by the School Board. She was treated conservatively for several years during which the School Board paid her medical benefits and $323.64 a week in TTD. Effective May 1, 2010, the School Board reduced Ms. Richard's benefits to SEB in the amount of $97.19 a month.

Ms. Richard originally filed a Disputed Claim for Compensation (1008) in 2007, and, relevant to the present appeal, she amended her 1008 in May 2010 when her benefits were reduced to SEB. Although Ms. Richard listed several other issues in dispute, at the trial on December 8, 2010, the parties stipulated that the only issues to be decided were the appropriateness of the School Board's reduction of workers' compensation benefits from TTD to SEB and whether said reduction warranted an award of penalties and attorney fees. The workers' compensation judge (WCJ) found that the School Board failed to meet its burden of proof relative to its entitlement to a reduction in benefits from TTD to SEB. Thus, the WCJ signed a judgment on February 21, 2011, restoring Ms. Richards' benefits to TTD status and awarding her attorney fees of $7,000.00. It is from this judgment that

the School Board appeals, and Ms. Richard answers the appeal seeking a penalty award and additional attorney fees for work done on appeal.

## ISSUES

We must decide whether the WCJ erred (1) in finding that the School Board failed to meet its burden of proof in holding that TTD benefits be reinstated, and (2) in awarding Ms. Richard attorney fees.

## LAW AND DISCUSSION

> In workers' compensation cases, the factual findings of the trial court are subject to the manifest error standard of review. *Smith v. Louisiana Dep't of Corrections*, 93-1305, p. 4 (La.2/28/94), 633 So.2d 129, 132; *Freeman v. Poulan/Weed Eater*, 93-1530, pp. 4-5 (La.1/14/94), 630 So.2d 733, 737-38. In applying the standard, the appellate court must not determine whether the trier of fact's conclusion was right or wrong, but that it was reasonable. *Freeman*, 630 So.2d at 737-38; *Stobart v. State*, 617 So.2d 880, 882 (La.1993); *Mart v. Hill*, 505 So.2d 1120, 1127 (La.1987). Where there are two permissible views of the evidence, a factfinder's choice between them can never be manifestly erroneous. *Stobart*, 617 So.2d at 882. Therefore, "if the [factfinder's] findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even if convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." *Sistler v. Liberty Mut. Ins. Co.*, 558 So.2d 1106, 1112 (La.1990).

*Richard v. Vermilion Hosp.*, 10-385, pp. 3-4 (La.App. 3 Cir. 6/9/10), 41 So.3d 1219, 1223, *writ denied*, 10-1611 (La. 10/8/10), 46 So.3d. 1269 (quoting *Landry v. Furniture Ctr.*, 05-643, pp. 5-6 (La.App. 3 Cir. 1/11/06), 920 So.2d 304, 309, *writ denied*, 06-358 (La. 4/28/06), 927 So.2d 290). Additionally, "[t]he decision to impose penalties and attorney fees is essentially a factual issue subject to the manifest error or clearly wrong standard of review." *Weaver v. S. Erectors, Inc. of Florida*, 10-783, p. 13 (La.App. 3 Cir. 12/8/10), 53 So.3d 547, 555 (citing *Authement v. Shappert Eng'g*, 02-1631 (La. 2/25/03), 840 So.2d 1181).

2

*Reduction in Benefits to SEB*

Pursuant to La.R.S. 23:1221(3)(a),[1] an employee is entitled to receive SEB if the employee sustains a work-related injury that results in an inability to earn ninety percent or more of his/her average pre-injury wage. The landmark decision on the application of this statutory provision is *Banks v. Indus. Roofing and Sheet Metal Works, Inc.*, 96-2480, pp. 8-9 (La. 7/1/97), 696 So.2d 551, 556 (emphasis added), wherein our supreme court opined as follows:

> Initially, the employee bears the burden of proving, by a preponderance of the evidence, that the injury resulted in his inability to earn that amount under the facts and circumstances of the individual case. *Freeman*, 93-1530 at p. 7, 630 So.2d at 739. "Th[is] analysis is necessarily a facts and circumstances one in which the court is mindful of the jurisprudential tenet that workers' compensation is to be liberally construed in favor of coverage." *Daigle v. Sherwin-Williams Co.*, 545 So.2d 1005, 1007 (La.1989).
>
> **Once the employee's burden is met, the burden shifts to the employer who, in order to defeat the employee's claim for SEBs or establish the employee's earning capacity, must prove, by a preponderance of the evidence, that the employee is physically able to perform a certain job** and that the job was offered to the employee or that the job was available to the employee in his or the employer's community or reasonable geographic region. LA.REV.STAT.ANN. § 23:1221(3)(c)(i) (West Supp.1997); *Daigle*, 545 So.2d at 1009. Actual job placement is not required. *Romero v. Grey Wolf Drilling Co.*, 594 So.2d 1008, 1014-15 (La.App. 3d Cir.1992).

In *Banks*, our supreme court succinctly set forth the requisite evidence for an employer to fulfill its burden of proving job availability, stating as follows:

---

[1]Louisiana Revised Statutes 23:1221 provides in pertinent part as follows:

> (3) Supplemental earnings benefits.
>
> (a) For injury resulting in the employee's inability to earn wages equal to ninety percent or more of wages at time of injury, supplemental earnings benefits equal to sixty-six and two-thirds percent of the difference between the average monthly wages at time of injury and average monthly wages earned or average monthly wages the employee is able to earn in any month thereafter in any employment or self-employment, whether or not the same or a similar occupation as that in which the employee was customarily engaged when injured and whether or not an occupation for which the employee at the time of the injury was particularly fitted by reason of education, training, and experience, such comparison to be made on a monthly basis. Average monthly wages shall be computed by multiplying his "wages" by fifty-two and then dividing the quotient by twelve.

(1) the existence of a suitable job within claimant's physical capabilities and within claimant's or the employer's community or reasonable geographic region;

(2) the amount of wages that an employee with claimant's experience and training can be expected to earn in that job; and

3) an actual position available for that particular job at the time that the claimant received notification of the job's existence.

By "suitable job," we mean a job that claimant is not only physically capable of performing, but one that also falls within the limits of claimant's age, experience, and education, unless, of course, the employer or potential employer is willing to provide any additional necessary training or education.

*Id.* at 557 (footnote omitted). Moreover, this court has added the additional requirement that the vocational rehabilitation consultant obtain the approval for the identified job from the employee's treating physician. *Chellette v. Riverwood Int'l USA, Inc.*, 02-1347 (La.App. 3 Cir. 4/30/03), 843 So.2d 1245, *rev'd in part on other grounds*, 03-1483 (La. 10/17/03), 858 So.2d 412.

In the instant matter, the WCJ found that the School Board failed to meet its burden of proof as required by La.R.S. 23:1221(3)(a), *Banks*, and *Chelette*. We find no manifest error in this determination.

A detailed discussion of Ms. Richard's medical history is not necessary for purposes of this appeal. The crux of the matter before this court is whether the School Board appropriately reduced Ms. Richard's benefits to SEB based on the approval of her treating physician, Dr. Dale Bernauer, of the jobs presented to him by the vocational rehabilitation consultant, despite Dr. Bernauer's March 10, 2010 letter to the School Board setting forth additional criteria which he found "medically necessary" for Ms. Richard to be able to return to sedentary work. We agree with Ms. Richard that "this medically necessary restriction by the treating physician is crucial in determining whether any of the jobs presented by [the School Board] to Ms. Richard were actually physically available to her." If they

4

were not, then the employer failed to meet the statutory and jurisprudential requirements for a reduction in Ms. Richard's workers' compensation benefits from TTD to SEB.

The most current functional capacity evaluation (FCE) performed on Ms. Richard was completed on October 17, 2009. The FCE indicated that she was capable of performing a sedentary level job. In accordance therewith, the vocational rehabilitation consultant, Leonard Francois, attempted to locate jobs suitable for Ms. Richard in keeping with her education, her work history, and her physical restrictions. Upon locating appropriate employment opportunities, Mr. Francois contacted the employer, obtained a job description, and prepared a representative job description which was presented to Dr. Bernauer. Dr. Bernauer indicated that Ms. Richard was "currently able to perform" the jobs described therein. Mr. Francois made the availability of these jobs known to Ms. Richard after confirming with the employer that the described positions were still available. Thereafter, the School Board reduced Ms. Richard's workers' compensation benefits from TTD to SEB.

However, two weeks before giving his approval, Dr. Bernauer wrote a letter to the School Board dated March 10, 2010, stating that "[i]f she is going back to work sedentary, she needs to actually stand more than sit and have time to take breaks. This would be medically necessary for her." Ms. Richard contends that based upon these restrictions, she was not physically able to perform the jobs located by Mr. Francois and relied upon by the School Board in reducing her benefits.

Mr. Francois testified at trial, detailing the actions he took in locating suitable jobs for Ms. Richard and, ultimately, obtaining the approval for Ms. Richard to perform these jobs from Dr. Bernauer. However, Mr. Francois

5

admitted that he had never seen the March 10, 2010 correspondence from Dr. Bernauer, and he was unaware that Dr. Bernauer had indicated that it was "medically necessary" that Ms. Richard be able to take breaks if she were to be able to perform sedentary work. Accordingly, Mr. Francois testified that he did not take this restriction into account when identifying employment opportunities. Mr. Francois testified that, generally, an employee is allowed one fifteen-minute break in the morning and one fifteen-minute break in the afternoon. Therefore, he candidly admitted that if Ms. Richard required additional breaks as stated by Dr. Bernauer, the jobs which he located were "probably not" jobs that Ms. Richard could realistically perform.

Based upon the evidence, the WCJ found that given the additional restriction, which Dr. Bernauer stated was "medically necessary," the jobs presented to Ms. Richard were not jobs that were actually physically available to her. It was his conclusion that Ms. Richard's benefits were reduced to SEB based upon the purported availability of jobs "which the totality of the opinions from the treating physician clearly showed she could not" perform.

The burden of proof herein rests with the School Board to establish by a preponderance of the evidence that Ms. Richard was physically able to perform a particular job and that that job was available to her. The record supports the WCJ's conclusion that the jobs presented to Ms. Richard were not physically available to her. Accordingly, we find no manifest error in the WCJ's ruling that Ms. Richard be restored to TTD status effective May 1, 2010.

*Penalties and Attorney Fees*

The School Board contends that the WCJ erred in awarding Ms. Richard $7,000.00 in attorney fees. In her answer to appeal, Ms. Richard seeks a modification of the OWC judgment requesting the imposition of a penalty against

the School Board and that this court award her additional attorney fees for work done on this appeal.

Louisiana Revised Statutes 23:1201 provides that penalties and attorney fees may not be awarded if a claim is "reasonably controverted."[2] "An employee's right to benefits will be considered to be reasonably controverted when the employer or his insurer had 'sufficient factual information to reasonably counter the factual information presented by the claimant.'" *Gradney v. Louisiana Commercial Laundry*, 09-1465, p. 6 (La.App. 3 Cir. 5/12/10), 38 So.3d 1115, 1120 (quoting *Thibodeaux v. L.S. Womack, Inc.*, 94-1375, p. 2 (La.App. 3 Cir. 4/5/95), 653 So.2d 123, 125).

On this issue, the WCJ concluded that penalties were not warranted, reasoning that "this is a situation where an employer holds in one hand an approval of a potential job, and in the other hand has a piece of paper from the self-same physician which just doesn't mesh with the first document." Although he questioned why the School Board didn't contact Dr. Bernauer for clarification, the WCJ concluded that penalties were not warranted in this case. However, Ms. Richard did prevail at trial which is consistent with the WCJ's award of a reasonable attorney fee. We find no manifest error in this conclusion.

---

[2]Louisiana Revised Statutes 23:1201 provides in pertinent part as follows:

> F. Failure to provide payment in accordance with this Section or failure to consent to the employee's request to select a treating physician or change physicians when such consent is required by R.S. 23:1121 shall result in the assessment of a penalty in an amount up to the greater of twelve percent of any unpaid compensation or medical benefits, or fifty dollars per calendar day for each day in which any and all compensation or medical benefits remain unpaid or such consent is withheld, together with reasonable attorney fees for each disputed claim; however, the fifty dollars per calendar day penalty shall not exceed a maximum of two thousand dollars in the aggregate for any claim. The maximum amount of penalties which may be imposed at a hearing on the merits regardless of the number of penalties which might be imposed under this Section is eight thousand dollars. An award of penalties and attorney fees at any hearing on the merits shall be res judicata as to any and all claims for which penalties may be imposed under this Section which precedes the date of the hearing. Penalties shall be assessed in the following manner:
>
> . . . .
>
> (2) This Subsection shall not apply if the claim is reasonably controverted or if such nonpayment results from conditions over which the employer or insurer had no control.

Ms. Richard also seeks an award of additional attorney fees for the work done on appeal.  After considering her request, we award Ms. Richard $3,500.00 for work done on appeal.

## DECREE

For the foregoing reasons, the judgment of the WCJ is affirmed. Additionally, we render an additional award of $3,500.00  in attorney fees for work performed on appeal.  All costs of this appeal are assessed to the Calcasieu Parish School Board.

**AFFIRMED AND RENDERD.**